MOORE-CURRY LUMBER CO. *v.* WOGAN.

(Division A.    June 5, 1934.)

[155 So. 329.    No. 31142.]

Jones & Stockett, of Woodville, for appellant.

514

**D. C. Bramlette**, of Woodville, for the appellee.

Argued orally by **Peter M. Stockett**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is a proceeding by Moore-Curry Lumber Company to recover rent alleged to be due it by the appellee on premises leased to him.

In January, 1933, the appellant executed to the appellee a lease to a saw and planing mill for a term of six months, beginning on February 1st thereafter, at a monthly rental of one hundred fifty dollars. The contract warrants the mill to be in good condition and running order, and provides that:

"In the event the property or machinery is not in the condition above described, lessee reserves the right to point out to lessor the repairs necessary and lessor agrees to make such repairs within a period of three days from notification, said repairs to be made at the expense of the lessor, and in the event lessor fails to make said repairs within three days, then the lessee is hereby author-

ized to make said repairs for account of the lessor provided said repairs do not exceed seventy-five dollars and is hereby authorized to deduct the cost of the repairs from any rents which might be due or to thereafter accrue. . . .

"The lessor hereby acknowledges that it is indebted to the Southern Forest Products in the sum of two hundred sixty-seven and 78/100 dollars ($267.78) and hereby authorizes the lessee to deduct from each month's rental, the sum of fifty dollars ($50) per month until the said two hundred sixty-seven and 78/100 dollars ($267.78) is paid and to make proper remittance of said fifty dollars ($50) per month to the Southern Products."

The full amount of the rent for February, one hundred fifty dollars, was paid. The mill was partially destroyed by fire on April 6th, whereupon the appellee had to remove therefrom, and repudiated any further liability for rent therefor. On April 17th the appellant filed with a justice of the peace an affidavit for an attachment under section 2192, Code 1930, for the rent due and to become due. A writ issued thereon by the justice of the peace and was levied on lumber remaining at the mill and owned by the appellee. A replevin bond was given therefor by the appellee in accordance with section 2205, Code 1930. Thereafter the appellee filed his declaration in the court below in accordance with section 2209, Code 1930, and prayed therein for damages for the alleged wrongful taking of the property. The appellant then filed an avowry in accordance with section 2211, Code 1930, to which the appellee filed a replication, not in the form provided by either section 2212 or section 2213, Code 1930, setting up the lease, the partial destruction of the mill, that the appellee was thereby released from further payment of rent, and that under the terms of the lease the appellant was indebted to the appellee in the sum of two hundred nine dollars and fifty-one cents, for which a judgment against the appellant was prayed. The items

composing this two hundred nine dollars and fifty-one cents were not set forth.

The jury returned the following verdict: "We, the jury, find for the plaintiff (the appellee) in the sum of two hundred nine dollars and fifty-one cents." And there was a judgment for the appellee accordingly.

Two questions only are presented by the briefs of counsel, and to which alone this opinion will be addressed. The two hundred nine dollars and fifty-one cents set forth in the appellee replication is claimed by it to be due under the following circumstances: Appellee made certain necessary repairs to the mill, under the terms of the lease, costing seventy-five dollars; delivered lumber to three named persons for the account of appellant, the aggregate price of which was forty-six dollars and seventy-three cents; two hundred sixty-seven dollars and seventy-eight cents due by the appellant to Southern Forest Products, which the lease contract authorizes the appellee to deduct from the rent due under the contract—all of which amounted to three hundred eighty-nine dollars and fifty-one cents. The rent on the mill for February, March, and six days in April, amounting to one hundred eighty dollars, deducted from the three hundred eighty-nine dollars and fifty-one cents, leaves two hundred nine dollars and fifty-one cents.

The appellant makes no objection to the allowance of any of these items, except the Southern Forest Products item of two hundred sixty-seven dollars and seventy-eight cents. This it claims should not have been allowed, for the reason that it was not due and owing by the appellant to the appellee but to the Southern Forest Products. This is true, but the lease contract expressly provides that it may be deducted by the appellee from the rent due thereunder. However, the appellee was not entitled to credit for the full amount thereof, for the lease provides for the deduction of the sum of fifty dollars from each month's rent until the sum of two hundred

sixty-seven dollars and seventy-eight cents is paid. The lease vests this right in the appellee, and there is nothing in the evidence depriving him thereof. It is said by the appellant that it would still owe this money to the Southern Forest Products; that may or may not be true, and would depend on whether or not the Southern Forest Products authorized the appellee to collect the money for it, as to which the evidence is silent.

As hereinbefore said, the full rent for February was paid; it being then agreed that the fifty dollars of the Southern Forest Products fund which the appellee was authorized to deduct from the rent of that month, should be deducted from future payments. Instead of two hundred sixty-seven dollars and seventy-eight cents, the appellee was entitled to a deduction from the rent due by it of fifty dollars for February, fifty dollars for March, and the whole of the rent due for April, which, according to the evidence, amounted to thirty dollars, and therefore less than the fifty dollars the appellee was entitled to deduct from that month's rent. This would result in there being a balance due the appellee by the appellant of seventy-one dollars and seventy-three cents.

Were it not for what we are about to say, the judgment of the court below would be affirmed on a proper remittitur being entered by the appellee. This proceeding is authorized and limited by section 2189 et seq., Code 1930, and nowhere therein is a judgment over against the landlord in favor of the tenant authorized. The tenant's replications under sections 2212 and 2213, Code 1930, are in bar of the landlord's right of action, and do not provide for a cross action by the tenant. Section 2209, Code 1930, provides for the recovery of damages against the landlord for the wrongful taking of the property, and a judgment therefor is the only judgment over in favor of the tenant permitted by section 2216, which provides the character of judgment to be rendered when the trial results against the landlord.

It is said by the appellee that this court must presume that the two hundred nine dollars and fifty-one cents was allowed by the jury as damages for the wrongful taking of the property. There was some evidence as to such damages, but it is so manifest from the record that the two hundred nine dollars and fifty-one cents was arrived at by the jury as hereinbefore set forth that we cannot close our eyes thereto.

Reversed and remanded.